**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1642**

_____

VINCENT S. SAMMONS,

　　　　　Plaintiff,

　　and

GEORGE E. MCDERMOTT,

　　　　　Intervenor - Appellant,

　　　v.

ALAN J. MCCARTHY; ALFRED C. WEIN, JR.; JENNIFER R. LYALL; MAGGIE D. TOME; ROBERT MEFFLEY; BRIAN F. MILLER; CECIL COUNTY, MARYLAND; JASON L. ALLISON,

　　　　　Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:20-cv-03010-JRR)

_____

Submitted:  February 21, 2023　　　　　　　Decided:  April 19, 2023

_____

Before RICHARDSON and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

George E. McDermott, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George E. McDermott appeals from various district court orders denying his requests to intervene and his other requests for relief. On appeal, he asserts that he is challenging the district court's June 8, 2022, and May 25, 2022, orders. We dismiss the appeal of the June 8 order and affirm the district court's May 25, 2022, order.

Vincent Sammons sued various municipal officials of Cecil County, Maryland, alleging violation of his rights of free speech. In particular, he asserted that Defendants deleted Facebook comments, blocked him on social media, and precluded him from participating in a public budget meeting. Appellant George McDermott moved to intervene, alleging that Defendants and various members of the court system have harmed the citizens of Cecil County by falsifying documents, stealing property, and conducting sham court proceedings.

On October 12, 2021, the district court denied the motion to intervene, ruling that McDermott had no legal stake in the outcome of the case and that his allegations did not share any common question of law or fact with Sammons' complaint. On October 21, McDermott filed a motion for reconsideration. The district court denied the motion on March 29, 2022.

On May 9, McDermott filed a motion seeking clerical assistance, review of another pending case, and again permission to intervene. The district court denied the motion on May 25. On June 8, the district court entered an order stating that, in preparation for publication of the March 29 opinion, the court made "a handful of non-substantive, 'bluebook' corrections" to that opinion. The court docketed the revised version, while

3

noting that the substance of the opinion remained the same and the order was unchanged. On June 9, McDermott filed the instant notice of appeal, purporting to challenge the June 8 and May 25 orders. In his informal brief on appeal, McDermott challenges the denial of his requests to intervene and avers various irregularities in the court's orders and procedures.

In civil cases in which the United States is not a party, parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). The time limits of Rule 4(a) are "mandatory and jurisdictional." *Browder v. Director*, *Dep't of Corrections*, 434 U.S. 257, 264 (1978); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Here, McDermott's June 8, 2022 notice of appeal is clearly untimely with regard to the October 12, 2021, order denying his motion to intervene, as well as the March 29, 2022, order denying his motion for reconsideration.[*]

While McDermott attempts to appeal the court's June 8, 2022, order, for which his notice of appeal would be timely filed, the court's order correcting its March 29 order is not an appealable order. "[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought." *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952). An amended order only resets the appeal deadline if "the lower court changes matters of

---

[*] Although the case is still proceeding in district court, the denial of a motion to intervene is immediately appealable. *See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.,* 584 F.3d 1, 7 (1st Cir. 2009).

substance, or resolves a genuine ambiguity, in a judgment previously rendered." *Id.* at 211-12. In determining whether a revised order resets the timeframe for filing an appeal, "the question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Id.* at 212. Because the June 8 order explicitly stated that its changes to the court's opinion were not substantive in nature and that the prior order remained unchanged, the time to appeal the March 29 order expired well before the time McDermott filed his notice of appeal. As such, the proposed opinion dismisses this portion of the appeal as untimely filed.

McDermott timely appeals the district court's May 25, 2022, order, which denied his motion for clerical assistance, review of another pending case, and permission to intervene. With regard to the motion to intervene, the request had already been denied initially and on reconsideration. Repeated motions for reconsideration are discouraged as they exhaust the resources and "patience" of the court and may only be granted if there is an intervening change in law, newly discovered evidence, or a clear error of law or miscarriage of justice. *Pinney v. Nokia, Inc.,* 402 F.3d 430, 452-53 (4th Cir. 2005). Here, McDermott merely repeated his arguments, and as such, his motion was properly denied. His frivolous requests for clerical assistance and review of another case were also correctly denied, as McDermott was not a party to the case and, in any event, was not entitled to the relief he sought.

Accordingly, we dismiss the appeal of the June 8 order as untimely filed and affirm the district court's May 25 order. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*